1:25-cv-2056

RECEIVED    *OTC*

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

DEC 1 2 2025

BY:_____  DANIEL J. McCOY, CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISANA**

Michael Earl Shields Jr.,

Plaintiff,

v.

Weyerhaeuser Company, in his official and
individual capacities Rick Turlington, in his
official and  individual capacities, Brett
Harless, in his official and  individual
capacities, Tarren Hall, in her official and
individual capacities, and Phillip Gandy, in
his official and  individual capacities.

**Is JURY TRIAL DEMAND**

**Defendant**
**COMPLAINT**

The Plaintiff in this case Michael Earl Shields Jr ("Plaintiff" or "Mr. Shields"), brought forth
rendering as PRO Se, as and for his Complaint in this action against Defendants Weyhauser Co.,
Rick Turlington, Brett Harless, Philip and Tarren Hall(collectively,  "Defendants"), hereby alleges
as follows:

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive and equitable relief, as well as  monetary

damages, to redress Defendants' unlawful employment practices against Plaintiff,  including its

discriminatory treatment, harassment and retaliatory treatment of Plaintiff due to his  and its

unlawful retaliation against him after he complained about unlawful discrimination in the

workplace in violation of the Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the Louisiana Law Against Discrimination, (SLS 25RS-112).

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## ADMINISTRATIVE PROCEDURES

4. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). Plaintiff's EEOC charge arises out of many of the same facts alleged herein that pertain to his Section 1981 retaliation claim.

5. When the EEOC completes its investigation of the charge and issues Plaintiff notice of right to sue, Plaintiff will seek leave to amend this Complaint to add claims that Defendants violated Title VII as well.

6. Any and all other prerequisites to the filing of this suit have been met.

**PARTIES**

7. Plaintiff Michael Earl Shields Jr. is a resident of Natchitoches Parish , Louisiana. At all relevant times, Plaintiff is and has been a resident of the State of Louisiana and met the definition of an "employee" under all applicable statutes.

8. Weyerhaeuser Company located at 234 Industrial Ave. Natchitoches, Louisiana, The Company's Natchitoches plant is a manufacturing facility that makes what the Company broadly refers to as "Engineered Wood Products." The Natchitoches plant takes lumber and then presses it, glues it, and cuts it into beams and joists that are used in constructing houses and buildings Weyerhaeuser Co.has  met the definition of an "employer" under all applicable statutes.

9. Defendant Rick Turlington is the formal Supervisor at Weyerhaeuser  resides  in the State of Louisiana. At all relevant times, Defendant Rick directly participated in the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff, and was a "covered employer" and/or an "aider" or "abettor" under all relevant statutes.

10. Defendant Brett Harless is a current Supervisor at Weyerhaeuser Co.(Natchitoches) and resides in the State of Louisiana . At all relevant times, Defendant Brett directly participated in the discriminatory and otherwise unlawful employment decisions and  actions taken against Plaintiff, and was a "covered employer" and/or an "aider" or "abettor"  under all relevant statutes.

11.Defendant Tarren Hall is a current Human Resource Manager at Weyerhaeuser Co.(Natchitoches) and resides in the State of Louisiana . At all relevant times, Defendant

Tarren directly participated in the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff, and was a "covered employer" and/or an "aider" or "abettor" under all relevant statutes.

12. Defendant Philip Gandy is the Plant Manager at Weyerhaeuser Co.(Natchitoches) and resides in the State of Louisiana . At all relevant times, Defendant Phillip directly participated in the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff, and was a "covered employer" and/or an "aider" or "abettor" under all relevant statutes.

## FACTUAL ALLEGATIONS

11. Plaintiff is a 38 year old African   American male who resides at 150 Pierson street in Natchitoches Louisiana

12. Plaintiff was employed by Weyerhaeuser from October 3, 2022 to April 10, 2023 as entry level clerk and was promoted to Billet Tender after a 90 day probation period.

13. As Billet Tender, Plaintiff reported to Defendant Rick Turlington and Defendant Brett Harless.

14. During the course of his employment with the Company, Plaintiff's position had responsibility for  : Setting up and inspecting equipment Installing blades, Measuring the length to cut to specifications, Operating the machines, Examining blueprints, drawings, work orders, or patterns, Setting stops or guides to specified lengths, Operating the saw machine, keeping an eye out for any defects or issues Using measurement tools to ensure accuracy, Helping pack and transport finished pieces, accurately completing paperwork and reporting directly to Brett and Rick.

15. From the outset of Plaintiff's employment with the Company, Plaintiff was subjected to inappropriate conduct form management and created a hostile workplace environment, a pattern of hostile behavior concerning his work ethics and compliance with company rules, as well as derogatory comments regarding his personal life within confinement of other hourly employees.

16. And was assaulted by Rick Turlington.

### Plaintiff's Employment Interviews With Rick and Cassie

17. Prior to accepting employment with Weyerhaeuser, Plaintiff was interviewed by both Rick Turlington and Cassie( last name unknown) who was later terminated for Safety Violations. During the interview, both Rick and Cassie agreed that the Plaintiff had qualified for the position.

18. The plaintiff was hired on the spot.

19. After completing Pre employment (background check, drug screen and physical) plaintiff would start his first day of employment on October 3, 2022

20. After accepting the job offer, Plaintiff began to take steps to wind down the nonprofit organization business that he had been operating prior to his employment with Weyerhaeuser Co(Natchitoches) so that he could focus his efforts on his employment with Weyerhaeuser.

21. Plaintiff was also involved in a Custody Case in The State of Texas that resulted in the court ruling in his favor resulting in Full Custody of the Children.

22. Plaintiff discussed his Custody Case during the Interview.

23. Plaintiff officially started his employment on October 3,2022 as entry level associate

**Defendants' Termination of Plaintiffs Employment**

24. On April 10, 2024 (plaintiffs official off day) Plaintiff was contacted via. Text message and phone call, by Jcarlos Nash that he was on the schedule to work overtime.

25. Plaintiff returned Jacarlos call and was informed that he is to work overtime on the day in question and if plaintiff would make it to work within two hours he would only be pointed a half (½) a point.

26. The plaintiff notified Jacarlos that he had requested the day off (originally the plaintiffs off day) and he had to travel to Texas for pickup/drop off of kids due to temporary Custody Order.

27. The Plaintiff indeed did ultimately report to work within the timeframe given.

28. Plaintiff was advised by Jacarlos Nash upon arrival that he would be placed on suspension until further notice and that he could leave the premises.

29. On March 11,2024, Plaintiff contacted Tarren Hall for an update on his suspension via. 'email'.

30. Plaintiff was contacted by Tarren hall, Brett Harless and Ethan Eddington via. Phone Call and informed him of his termination due to attendance.

31. In March of 2024, Plaintiff applied for and was awarded Unemployment Compensation due to the separation of employment from Weyerhaeuser due to violation of attendance policy.

**Plaintiff First Six Months on Job**

32. On November 10, 2022 Plaintiff was approached by Cassie (last name unknown)

formally held the position as production lead, to clean under the Press Machine (press 1).

33. Press Machines (press 1, press 2, press 3 and press 4) had wood veneer and debris from wood at least two feet above the surface underneath the bays.

34. The plaintiff reported the incident to Supervisor Rick Turlington.

35. Rick advised the Plaintiff that the shift associates would complete a cleanup underneath the machines during Press shutdown and to only clean around the areas that had debris in the walkway.

36. Rick advised Plaintiff that 'no press associates has been assigned to clean under the press' and that he would speak with Cassie about the situation.

37. Over the course of the following eight months the Plaintiff had perfect attendance.

30. In February of 2023 Plaintiff applied and was promoted to Billet Tender.

38. Weyerhaeuser Co. opened positions to give all employees an opportunity for a new job opportunity and pay increases.

39. Plaintiff applied for multiple positions including supervisor and shipping line loader and was interviewed.

### Plaintiff's Second six Months on Job

40. Plaintiff was interviewed for the Supervisor position on June 6, 2023.

41. On Sunday June 10, 2023, Supervisor Rick Turlington had press associate Jason( last name unknown) notify me to report to his office before taking my first thirty minute break.

42. The plaintiff reported to Rick's office promptly to discuss his cause.

43. While the Plaintiff was speaking with Rick about a time out that had occurred earlier in the shift, Rick assaulted the plaintiff.

44. Rick told the Plaintiff that he was a liar and then jumped out of his computer chair and demanded that the Plaintiff leave his office in an hostile manner.

45. The Plaintiff proceeded to the break room so he could contact Human Resources Manager Tarren Hall via. Email and notify her of the incident.

46. The plaintiff completed his break and returned to Rick Turlington office to discuss what had occurred between the two and to offer an apology for any wrongdoing.

47. Upon arriving in Rick's office, there was Buddy (last name unknown) temporary production lead and Rick discussing what had occurred earlier in the shift about the time out.

48. The Plaintiff requested to take the remaining of the shift off work due to Rick causing a hostile environment and safety concern.

49. Buddy( last name unknown) agreed that the Plaintiff had a legitimate reason for taking off as long as plaintiff had vacation time to cover hours not worked.

50. Rick Turlington made a derogatory comment revealing plaintiff personal information about his ongoing Custody Case.

51. Over the course of the following 6 months , Plaintiff continued to raise concerns with Philip Gandy and Tarren Hall regarding Rick's and other co-workers' discriminatory comments and hostile conduct including, but not limited to, the use of unlawful workplace practices as well as Rick and Brett's constant application of retaliatory actions to relatively trivial workplace matters that far exceeded what would be reasonable under similar circumstances.

52. The Plaintiff requested a shift change due to the hostile workplace environment and to accommodate the pickup/dropoff of his children on weekends mandated by the Associate Judge

over his Custody Case.

53. Tarren Hall advised the Plaintiff that his request could be met because the company had recently awarded another associate with the opportunity to move to a different shift.

54. Phillip Gandy also agreed that the Plaintiff request 'would be granted, but it would take time'.

55. During this same time period, Michael continued his practice of good work ethics by volunteering to work the grave shift when short handed, he signed up to be on the safety committee and also volunteered to be shift A representative in a new project that would allow management to hear the concerns of the Weyerhaeuser community.

56. Although former supervisor Rick Turlington was demoted from supervisor to lead the Plaintiff would remain reporting to him.

57. Rick gave the Plaintiff an attendance point on May 14, 2023, although the plaintiff took a call-in vacation day, which ultimately led to him being in violation of Weyerhaeuser's attendance policy and being terminated.

58. In light of the foregoing, it is clear that the Plaintiff was Wrongfully terminated, discriminated against because of his cultural heritage and/or objection to Retaliation from Rick's discriminatory treatment and created a hostile work environment for the Plaintiff.

59. Indeed, the Company's website indicates that its support 'a workplace where everyone feels welcome, heard and excited to grow and develop', where they claim they do the right things, the right way, for the right reasons. While this mission is laudable on its face, in practice it promotes discrimination against people who have been proven to have great moral and ethical values within their organization and promote hardworking individuals to better and serve the company values.

## FIRST CAUSE OF ACTION

### (Retaliation in Violation of Section 1981)

60. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

61. Defendants have violated Section 1981 by subjecting Plaintiff to retaliation for his protected complaints and opposition to Rick's discriminatory comments and actions on the basis of race and ethnicity, by, *inter alia,* terminating Plaintiff's employment with the Company.

62. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

63. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

64. Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

### (Violation of the Louisiana Law Against Discrimination)

65. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

66. Defendants have discriminated against Plaintiff in violation of the Louisiana Law Against Discrimination by subjecting his cultural heritage to disparate treatment because plaintiff ware hold teeth and dreadlocks, by, *inter alia,* terminating Plaintiff's employment with the Company.

67. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the Louisiana Law Against Discrimination, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

68. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the Louisiana Law Against Discrimination, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### THIRD CAUSE OF ACTION

**(Retaliation in Violation of the Louisiana Law Against Discrimination)**

69. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

70. Defendants have violated the Louisiana Against Discrimination by subjecting Plaintiff to retaliation for his protected complaints and opposition to Rick's discriminatory comments and actions on the basis of race and ethnicity by, *inter alia,* terminating Plaintiff's employment with the Company.

Shields_v_Weyerhauser_Complaint.docx - Google Docs

71. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the Louisiana Law Against Discrimination, Plaintiff has suffered and continues to suffer monetary and/or economic damages as well as suffer severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

72. Defendant's unlawful retaliatory conduct constitutes a willful and wanton violation of the Louisiana Law Against Discrimination, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of Louisiana;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not

limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

G. An award of punitive damages;

H. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: December 11, 2025

PLAINTIFF
MICHAEL EARLSHIELDS JR.

150 Pierson Street
Natchitoches, La 71457
Telephone: (318) 332-8507
Email:M.e.shields.1987@gmail.com

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New Orleans Field Office
500 Poydras Street, Suite809
New Orleans, LA 70130
(504) 635-2531
Website: www.eeoc.gov

### DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/18/2025

**To:** Mr. Michael E. Shields Jr.
726 Bossier street 1355
NATCHITOCHES, LA 71457
Charge No: 461-2024-03136

EEOC Representative and email:    CHARLOTTE DAVIS
INVESTIGATOR
CHARLOTTE.DAVIS@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 461-2024-03136.

On behalf of the Commission,

Digitally Signed By:Michael Kirkland
09/18/2025

Michael Kirkland
Director

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Earl Shields Jr.

**DEFENDANTS** Weyerhauser Company

**(b)** County of Residence of First Listed Plaintiff  Natchitoches
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | **LABOR** | |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | **IMMIGRATION** | |
| | | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. section 2000e et seq.

Brief description of cause:
Unlawful employment practices discrimination/retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE 12/11/2025

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 03/24)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.